IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA KYSER | ) | CASE NO: 2:16-CV-01164 |
| | ) | |
| Plaintiff | ) | JUDGE EDMUND A. SARGUS |
| | ) | MAGISTRATE JUDGE ELIZABETH |
| v. | ) | PRESTON DEAVERS |
| | ) | |
| JAVITCH BLOCK LLC F.D.B.A. | ) | |
| JAVITCH BLOCK & RATHBONE LLP, | ) | **DEFENDANT REIMER, ARNOVITZ,** |
| et al. | ) | **CHERNEK & JEFFREY CO., L.P.A.'S** |
| | ) | **ANSWER TO PLAINTIFF'S** |
| Defendants | ) | **COMPLAINT** |
| | ) | |
| | ) | **(JURY DEMAND ENDORSED** |
| | ) | **HEREON)** |

Defendant, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., ("the Reimer Firm") for their Answer to Plaintiff's Complaint, hereby states and alleges as follows:

1. The Reimer Firm admits that Plaintiff is asserting various claims against this Defendant, and other Defendants. The Reimer Firm denies any wrongdoing or liability to Plaintiff and therefore denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint contain conclusions of law to which no response is required.

3. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The Reimer Firm denies the allegations as stated, and admits that at certain times it represents clients protecting their legal and equitable interest and to resolve outstanding debts and that the Reimer Firm may be deemed as a debt collector, depending on the particulars of each individual debt, the debtor and actions taken.

6. The Reimer Firm neither admits nor denies the conclusions of law in Paragraph 6 of Plaintiff's Complaint.

## STATEMENT OF FACTS

7. The Reimer Firm denies the allegations contained in Paragraph 7 of Plaintiff's Complaint and further answering states that the Reimer Firm filed a lawsuit on behalf of NTL Collegiate STNDT LN Trust 2007-2 ("2007-2 Trust") arising out of an October 2006 credit Agreement and Loan Application.

8. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 8 of Plaintiff's Complaint as they are directed at another Defendant.

9. The Reimer Firm denies the allegations contained in Paragraph 9 of Plaintiff's Complaint and further answering states that attached to the collection complaint was a roster evidencing the transfer of the obligation to the 2007-2 Trust.

10. The Reimer Firm denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The Reimer Firm denies the allegations contained in Paragraph 11 of Plaintiff's Complaint and further answering states that upon information and belief, Plaintiff's loan obligation had been validly transferred to the 2007-2 Trust.

12. The Reimer Firm denies the allegations and conclusions of law contained in Paragraph 12 of Plaintiff's Complaint.

13. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 13 of Plaintiff's Complaint as Plaintiff failed to indentify the date she enrolled as a college student.

14. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 14 of Plaintiff's Complaint, but affirmatively states that upon information and belief, Plaintiff applied for a loan on October 27, 2006 in the amount of $12,000.

15. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 15 of Plaintiff's Complaint, but further answering states that any loan application speaks for itself.

16. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 16 of Plaintiff's Complaint, but affirmatively states that she applied for a loan on October 27, 2016 in the amount of $12,000. A copy of the Loan Application/Credit Agreement and Note Disclosure Statement is attached as Ex. A hereto

17. The Reimer Firm denies for want of knowledge the allegations directed against Defendant Javitch contained in Paragraph 17 of Plaintiff's Complaint, but further answering states that the Javitch Complaint, Exhibit 1 speaks for itself.

18. The Reimer Firm denies for want of knowledge the allegations directed against Defendant Javitch contained in Paragraph 18 of Plaintiff's Complaint, but further answering states that the Javitch Complaint, Exhibit 1 speaks for itself.

19. The Reimer Firm denies for want of knowledge the allegations directed against Defendant Javitch contained in Paragraph 19 of Plaintiff's Complaint, but further answering states that the Javitch Complaint, Exhibit 1 speaks for itself.

20. The Reimer Firm denies for want of knowledge the allegations directed against Defendant Javitch contained in Paragraph 20 of Plaintiff's Complaint, but further answering states that the Javitch Complaint, Exhibit 1 speaks for itself.

21. The Reimer Firm denies as stated the allegations contained in Paragraph 21 of Plaintiff's Complaint, but further answering admits that it filed a separate lawsuit on or about July 18, 2016, and not June, 2016 as alleged, seeking to enforce the October 27, 2006 Credit Agreement against Plaintiff in the Licking County Municipal Court on behalf of National Collegiate Student Loan Trust 2007-2 ("2007-2 Trust") and that the Complaint the Reimer Firm filed on behalf of its client speaks for itself.

22. The Reimer Firm denies as stated the allegations in Paragraph 22 of Plaintiff's Complaint and admits that it demanded $8,737.52 plus accrued interest on behalf of its client.

23. The Reimer Firm admits that Paragraph 7 of the collection complaint speaks for itself.

24. The Reimer Firm admits that it inadvertently attached the June 20, 2006 loan application to the Complaint, but that it attached the correct Roster for Student Loan Trust 2007-2, Pool Supplement, and Deposit and Sale Agreement for the October 27, 2016 Loan.

25. The Reimer Firm admits that paragraph 8 of the collection complaint speaks for itself.

26. The Reimer Firm admits that Exhibit B to the collection complaint speaks for itself.

27. The Reimer Firm denies as stated the allegations contained in Paragraph 27 of Plaintiff's Complaint and that Exhibit B to the collection complaint speaks for itself.

28. The Reimer Firm denies as stated the allegations contained in Paragraph 28 of Plaintiff's Complaint and further answering, admits that a Roster evidencing the transfer of the Kyser loan was attached to the collection complaint.

29. The Reimer Firm denies for want of knowledge whether the same credit agreement was attached as an exhibit filed by Javitch on behalf of NCSLT 2006-3.

30. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. The Reimer Firm admits that Plaintiff filed a *pro se* answer to the complaint filed by the Reimer Firm, on behalf of its client, and states that the *pro se* answer speaks for itself.

32. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33-34. The Reimer Firm denies for want of knowledge the allegations contained in Paragraphs 33-34 of Plaintiff's Complaint.

35. The Reimer Firm denies as stated the allegations contained in Paragraph 35 of Plaintiff's Complaint and further answering admits that at some point Plaintiff's counsel advised

Mr. Wasserman that Javitch was attempting to collect a student loan from Plaintiff and that Mr. Wasserman agreed to investigate the situation.

36. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. The Reimer Firm admits that the docket speaks for itself, but denies that there is any case identified as "the Reimer case."

38-39. The Reimer Firm denies for want of knowledge the allegations contained in Paragraphs 38-39 of Plaintiff's Complaint.

40. The Reimer Firm admits that the docket and any pleadings speak for themselves.

41. The Reimer Firm admits that Plaintiff served discovery requests but denies that there is any case identified as the "Reimer case."

42. The Reimer Firm admits that it dismissed the Complaint on behalf of its client without prejudice against Plaintiff and that the docket speaks for itself.

43. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. The Reimer Firm denies as stated the allegations contained in Paragraph 44 of Plaintiff's Complaint, and affirmatively states that it produced evidence demonstrating that the October 27, 2006 Loan had been transferred to the NCSLT 2007-2 Trust.

45-47. The Reimer Firm denies the allegations and conclusions of law contained in Paragraphs 45-47 of Plaintiff's Complaint.

**COUNT ONE:**
**VIOLATIONS OF THE FDCPA - BOTH DEFENDANTS**
**(15 U.S.C. § 1692, ET SEQ.)**

48. The Reimer Firm adopts and incorporates its responses in the above numbered paragraphs as if fully stated herein.

49. The Reimer Firm denies for want of knowledge whether Plaintiff is a consumer.

50. The Reimer Firm denies as stated the allegations and conclusions of law contained in Paragraph 50 of Plaintiff's Complaint.

51. The Reimer Firm denies for want of knowledge the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. The Reimer Firm denies the allegations and conclusions of law contained in Paragraph 52 of Plaintiff's Complaint and further answering admits that it at certain times the Reimer Firm represents clients protecting their legal and equitable interest and to resolve outstanding debts and may be deemed as a debt collector, depending on the particulars of each individual debt, the debtor and actions taken.

53. The Reimer Firm denies the allegations contained in Paragraph 53 of the Plaintiff's Complaint as they are not directed at the Reimer Firm.

54. The Reimer Firm denies the allegations and conclusions of law contained in Paragraph 54 and all sub-parts thereto of Plaintiff's Complaint.

55-58. The Reimer Firm denies the allegations and conclusions of law contained in Paragraphs 55-58 of Plaintiff's Complaint.

**COUNT TWO:**
**VIOLATIONS OF CSPA - BOTH DEFENDANTS**
**(O.R.C. § 1345.01, ET SEQ.)**

59. The Reimer Firm adopts and incorporates its responses in the above number Paragraphs as if fully stated herein.

60-62. The Reimer Firm denies the allegations and conclusions of law directed at it, and as contained in Paragraphs 60-62 of Plaintiff's Complaint.

63. The Reimer Firm denies the allegations contained in Paragraph 63 of Plaintiff's Complaint, including any allegations of wrongdoing against the Reimer Firm and upon information and belief, believe that Ms. Kyser retained legal counsel because she was in default on two separate loans.

64-65. The Reimer Firm denies the allegations and conclusions of law contained in Paragraphs 64-65 of Plaintiff's Complaint.

The Reimer Firm denies each and every remaining allegation of Plaintiff's Complaint, not previously admitted herein to be true, converts the prayer for relief set forth below Paragraph 65 and requests judgment in favor of Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

**FURTHER AND ADDITIONAL DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, for failure to state a claim upon which relief may be granted.

2. One or more of Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

3. One or more of Plaintiff's claims are barred by the doctrine of waiver, laches, and/or estoppel, set-off, accord and satisfaction, acquiescence, compromise and settlement and/or avoidable consequences, to the extent that they are applicable.

4. This Court does not have subject matter jurisdiction over one or more of Plaintiff's claims.

5. Plaintiff's damages, if any, were caused by her own acts or omissions.

6. Plaintiff's damages, if any, were caused by persons or entities other than this answering Defendant and for whom this Defendant exercises no control.

7. Plaintiff has failed to mitigate her damages, if any.

8. Plaintiff is not entitled to punitive damages, and any award of punitive damages could violate Defendant's due process rights under the U.S. Constitution.

9. To the extent Plaintiff has sustained injuries, damages or losses that have been subject to compensation by collateral resources or otherwise, any recovery to which she might otherwise be entitled is barred or reduced thereby.

10. Plaintiff has failed to join all necessary and indispensable parties to this litigation.

11. This Defendant expressly denies any violation of the FDCPA or OCSPA, however, if the Reimer Firm did commit a violation, such violation was a result of a *bona fide error* notwithstanding the maintenance and procedures reasonably adapted to void any such error.

12. Service and service of process upon Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. was insufficient.

13. The Professional Judgment Rule bars claims against Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

14. The Reimer Firm, has at all times, acted in good faith and without malice.

15. Plaintiff's claims are barred by her failure to comply with the terms of her loan agreements, including any condition precedent to bringing suit.

Respectfully submitted,

s/Lori E. Brown
**LORI E. BROWN (0071480)**
**GALLAGHER SHARP LLP**
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115
(216) 241-5310 Office
(216) 241-1608 Fax
lbrown@gallaghersharp.com
**Attorney for Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.**

## JURY DEMAND

Defendant herein demands a trial by jury on all issues triable by a jury in this action.

s/Lori E. Brown
**LORI E. BROWN (0071480)**
**GALLAGHER SHARP LLP**
**Attorney for Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Lori E. Brown
**LORI E. BROWN (0071480)**
**GALLAGHER SHARP LLP**
**Attorney for Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.**